UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CENTURY SURETY COMPANY

VERSUS

BASSAM NAFEL

CIVIL ACTION

NO. 14-CV-101-JWD-RLB

## RULING

Before the Court are two motions: Motion to Dismiss and Renewed Third Motion for Sanctions by Century Surety Company ("Century") (Doc. 114) and Motion for Partial Summary Judgment by Whitney Bank ("Whitney") (Doc. 115). Pro se litigant Bassam Nafel, ("Nafel") opposes these two motions (Doc. 116) although he fails to address the specific issues raised therein, asking only that "Now my request is so simple; I want justice to take place.. [sic] I want to pay my first mortgage and my second mortgage and get paid for my losses since I bought that property from down payment to loss of rent to business damage.. [sic] Or the insurance is to pay to rebuild the same sq. ft. buildg [sic]." (*Id*., p. 1). In its motion, Century recounts in detail the long and uninterrupted history of contumacious conduct by Nafel including, most recently, his failure to follow this Court's direct and repeated order to pay Century $500 for his conduct (Doc. 114). The Court will not repeat this history here but agrees with Century's factual recounting of same and its legal analysis supporting the relief requested. In its separate motion (Doc. 115) supported by its detailed and extensive memorandum (Doc 115-1), Whitney moves for partial summary judgment. The Court likewise agrees with the factual allegations and legal analysis of Whitney in its motion and memorandum.

The Court has carefully reviewed both motions, supporting memoranda and, such as it is, the plaintiff's opposition. For the reasons set forth in the motions and supporting memoranda, the

evidence and law favoring same, both motions are granted. Accordingly, the Motion to Dismiss and Renewed Third Motion for Sanctions by Century Surety Company (Doc. 114) is GRANTED and Bassam Nafel's claim against Century is dismissed with prejudice. Furthermore, the Motion for Partial Summary Judgment by Whitney Bank (Doc. 115) is hereby GRANTED and this Court recognizes that, as the agent and attorney-in-fact for Nafel, Whitney can settle the claims between Nafel and Century by agreeing to a settlement in which Century and Nafel "walk away" from their respective claims against each other. In other words, Nafel's overall debt to Whitney is reduced by $200,000.00, and Nafel is permitted to retain the $20,000.00 advance payment that Century issued to him shortly after the fire at the Stern Avenue Property, but he is precluded from any further recovery.

      Signed in Baton Rouge, Louisiana, on <u>October 20, 2016</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**